Michael I. GEARHARDT, Plaintiff,

v.

CADILLAC PLASTICS GROUP, INC., Defendant.

Civ. A. No. C–3–91–332.

United States District Court, S.D. Ohio, W.D.

Jan. 4, 1992.

William Fecher, Kathryn A. Lamme, Turner, Granzow & Hollenkamp, Dayton, Ohio, for plaintiff.

James A. Rydzel, Robert S. Gilmore, Jones, Day, Reavis & Pogue, Cleveland, Ohio, for defendant.

## ORDER DENYING LEAVE TO DEPOSE ARBITRATOR

MICHAEL R. MERTZ, United States Magistrate Judge.

This is an action to confirm an arbitration award and is before the Court upon Defendant's Motion for Order Permitting Discovery of Arbitrator Clair V. Duff (Doc. #20), the sole arbitrator making the award. Plaintiff opposes the requested discovery (Doc. #23). Since Arbitrator Duff is not a party, the Court invited the American Arbitration Association to participate as *amicus curiae*, and it has filed a letter brief in opposition. At Defendant's request, the motion was orally argued on December 13, 1991.

Defendant proposes to issue a subpoena duces tecum to Arbitrator Duff, compelling him to appear for an oral deposition to answer questions about the "mechanics" of preparation of the Award (who prepared it and how it was prepared) and whether the arbitrator was suffering from any medical or mental condition or disability at the time of the hearing or preparation of the award. Documents to be subpoenaed would include records of the Arbitrator's treating physicians. Depending upon the results of this deposition, Defendant indicates it might seek additional information or to compel Arbitrator Duff to submit to a neurological examination.

Defendant asserts it has reasonable cause to believe Arbitrator Duff was suffering some form of mental disability based on the observations its representatives made during the arbitration hearing and the analysis of those observations by Howard Rossman, D.O., a board certified osteopathic neurologist. Based on reading these observations, Dr. Rossman concludes "... there is cause for concern that the Arbitrator, Clair Duff, may suffer from the disorder of senile dementia or another neurological or brain disorder which could seriously affect his memory and thought process." (Rossman Affidavit, Doc. #20, Exhibit B, ¶ 6.)

Dr. Rossman's Affidavit and the observations on which it is based all relate to the arbitration hearing itself and not to preparation of the award. At oral argument, Defendant conceded it has no evidence that Arbitrator Duff did not prepare the award himself. Thus any inquiry into whether or not he did so would be based solely on inferences suggested by any disability existing during the arbitration hearing.

■ Defendant notes that it does not need advance permission from the Court to issue a subpoena duces tecum. Its current motion is rather in the nature of a motion *in limine* to resolve the likely dispute over the subpoena prior to its issuance. Civil Rules 16 and 26 contemplate that a court may decide issues such as this in advance of discovery as part of adopting a discovery plan. However, any ruling made at this stage must be without prejudice to the rights of any subpoenaed witness to be

heard prior to enforcement. See Fed. R.Civ.P. 45(c).

Plaintiff opposes the requested discovery on the evidentiary ground that the Arbitrator's testimony is incompetent to impeach his award and on the public policy grounds that inquiry into an arbitrator's mental health is extraordinarily intrusive and destructive of the arbitration process. Plaintiff also asserts the face of the record contravenes Defendant's inferences about the Arbitrator's mental health. The American Arbitration Association as *amicus curiae* strongly argues against the proposed discovery on public policy grounds and claims the request is "unprecedented in the AAA's 65 year history of administering arbitration proceedings." (Letter Brief of December 10, 1991).

Defendant relies on *Carolina–Virginia Fashion Exhibitors, Inc. v. Gunter*, 291 N.C. 208, 230 S.E.2d 380 (1976). In that case the question was whether the arbitrators had conducted an *ex parte* examination of the leased premises to arrive at an apportionment of the property taxes. The North Carolina Supreme Court held that such an *ex parte* examination would constitute misconduct supporting a vacation of the award. Furthermore, it held that

"... where there is an objective basis for a reasonable belief that misconduct has occurred, the parties to the arbitration may depose the arbitrators relative to that misconduct; and such depositions are admissible in a proceeding [to vacate the award]."

291 N.C. at 219, 230 S.E.2d 380. Thus the court found arbitrators could be competent witnesses to their own misconduct.

■ But *Carolina–Virginia Fashion Exhibitors* does not provide the support which Defendant needs for the relief it seeks. *Ex parte* investigation by arbitrators such as occurred in *Carolina–Virginia Fashion Exhibitors* is uniformly held to be misconduct. See cases cited, 291 N.C. at 220, 230 S.E.2d 380 and particularly Annotation, 27 A.L.R.2d 1160. In this the arbitration law follows restrictions of judicial behavior generally. Misconduct of an arbitrator is a ground for vacating the award, and Defendant said at oral argument that it would be relying on Arbitrator Duff's "misconduct" as the ground for vacating the award. See 9 U.S.C. § 10(c) and Ohio Revised Code § 2711.10.

But in what does Arbitrator Duff's alleged misconduct consist? Defendant has not clearly spelled out its position on this question, but Defendant must be implicitly alleging that it is misconduct for an arbitrator to hear and decide a case if he has a mental illness, diagnosed or diagnosable, which does or might affect his deciding. Defendant cites no legal support for that proposition whatsoever, either as it relates to arbitrators or other judicial officers.

It is certainly possible to imagine extreme cases. If an arbitrator or judge had a psychotic break during trial and began hallucinating, presumably that would deny the parties due process. But what of milder mental ailments? Are arbitrators and judges to be disqualified by, say, mild depression? And what of physical ailments which cause distracting pain? Are judges and arbitrators to be disqualified for arthritis?

Although it is easy to see both easy and hard cases of disqualification because of disability, it is very difficult to see how to draw any defensible line between them that could be enforced in the setting which confronts this Court. If a party is entitled to a decision-maker whose mental processes are unaffected by mental or physical illness, how shall we deny discovery to determine if there was an impact? And if arbitrators may be psychiatrically examined or at least analyzed by unsuccessful suitors, why not trial judges? Why just trial judges? Justice Douglas in his later years on the Supreme Court was noticeably affected by the strokes he had suffered. Are the opinions in which he joined or which he authored less the law of the land?

■ The North Carolina Supreme Court itself suggests one answer to these questions: the mental processes of an arbitrator will not be examined. It cites approvingly the body of law so holding, 291 N.C. at 213–14, 230 S.E.2d 380, and goes on to hold on its own authority:

We do not, by this ruling, authorize inquisition into the mental processes of the arbitrators. We share the view expressed by other courts that such inquiry into the reasoning behind an award would relegate arbitration to a superfluous role in the judicial process.

*Id.* at 218, 230 S.E.2d 380. Thus the very case on which Defendant relies would not permit the inquiry Defendant seeks to make, because to do so would make arbitration the beginning rather than the end of litigation. See *Sperry Intern. Trade, Inc. v. Government of Israel,* 602 F.Supp. 1440, 1443 (S.D.N.Y.1985); Domke, *The Law and Practice of Commercial Arbitration,* Ch. 33.[1]

The reason why mental processes of arbitrators may not be examined is much the same as the reason jurors' mental processes may not be examined: to do so would destroy the finality which makes arbitrators' awards and jury verdicts so important to the legal system. See, Charles Nesson, "The Evidence or the Event? On Judicial Proof and the Acceptability of Verdicts," 98 Harv.L.Rev. 1357.

■■■ Even if Arbitrator Duff were suffering from the illness which Dr. Rossman suggests, it would not have been judicially cognizable misconduct—misconduct of the sort which will permit vacation of an arbitration award—for him to conduct the arbitration and render an award. The Court finds the discovery sought is not of relevant information and Defendant's Motion for Discovery is therefore DENIED.

IT IS SO ORDERED.

---

1. Defendant protests that it is not seeking to examine Arbitrator Duff's state of mind in the way in which the case law prohibits, but it fails to offer an intelligible distinction between what it wants to do and the prohibited mental process examination.